PER CURIAM.
Petitioner City of Umatilla seeks review of an order of the Public Employees Relations Commission (PERC) dismissing its objections to election for a bargaining agent. We agree with petitioner that PERC should not have dismissed the objections; therefore, we grant a writ of certiorari.
PERC conducted the disputed election to determine whether respondent West Central Florida Police Benevolent Association would represent petitioner’s police force as its bargaining agent. On December 28, 1977, PERC furnished petitioner with the results of the balloting. On January 4, 1978, the fourth working day after it received the results, petitioner mailed objections to the election to PERC at its headquarters in Tallahassee. PERC received the objections on January 6, 1978, six working days after it furnished petitioner with the results. Subsequently, it certified the results and dismissed petitioner’s objections as untimely filed pursuant to Florida Administrative Code, Rule 8H-3.28(d). This rule requires that a party file objections to an election within five working days of receiving the results.
If Florida Administrative Code, Rule 8H-3.28(d) were all that we had to examine, we would be forced to agree with PERC’s ruling. However, we must consider that rule in light of Florida Administrative Code, Rule 8H-9.01 which reads as follows:
These Rules and Regulations are intended to promote the efficient operation of the Commission and the orderly administration of the Act. They are to be liberally construed to insure the accomplishment of these purposes. Whenever the Commission determines that unusual circumstances or good cause exists and that strict compliance with the exact terms of one of these Rules and Regulations would work a substantial injustice or cause manifest unfairness, it may, in its discretion, waive the rule in question, upon such terms as it deems just and which will best effectuate the purpose of the Act.
We think that in this case the application of the five-day rule was manifestly unfair. Petitioner mailed its objections at such a time that they should have reached PERC in a timely fashion and in fact they reached PERC only one day late. Moreover, there is evidence in the record, which PERC does not dispute, that petitioner did not know until the third day of the five-day period that it had any basis for an objection. Accordingly, we hold that PERC abused the discretion given to it by Rule 8H — 9.01.[1] The action of PERC under the circumstances before us was, we submit, not justified or warranted.
We reverse the order of PERC certifying the election and remand this case with directions that it consider petitioner’s objections.
BOARDMAN, C. J., and OTT and RYDER, JJ., concur.

. We hasten to add that we take no position as to the merits of petitioner’s objections to the election.